UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00148

**Robert David Bracken**,
*Plaintiff,*
v.
**Commissioner, SSA**,
*Defendant.*

# ORDER

On March 25, 2020, plaintiff Robert David Bracken filed the above-styled civil action. Doc. 1. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b). Doc. 2.

Defendant filed a motion to dismiss. Doc. 27. On July 12, 2021, the magistrate judge issued a report recommending that the motion to dismiss, converted to a motion for summary judgment, be granted and that the complaint be dismissed without prejudice for failure to exhaust administrative remedies. Doc. 31. Instead of objections, plaintiff filed a motion—styled as an order to show cause—which requested that the court order the defendant to produce a certified administrative record ("CAR") in this matter. Doc. 33. Plaintiff also requested that the court vacate the report until he is able to review the CAR. *Id.* In response, defendant argued that in cases where there is no final agency decision, such as in this case, the agency does not file an answer or create a CAR. Doc. 34. Defendant stated that a CAR is only created when there is a final decision. Doc. 34.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended granting dismissal because plaintiff did not exhaust his administrative remedies prior to filing this suit. Doc. 31. Plaintiff's motion fails for the same reason. While 42 U.S.C. § 405(g) states that the Commissioner of Social Security "shall file a certified copy

of the transcript of the record" as part of the Commissioner's answer to a plaintiff's complaint, that subsection makes this requirement contingent on there having been a final agency decision. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner . . . ."). In this case, evidence shows that plaintiff has not received a final agency decision. *See* Doc. 27-1. Accordingly, defendant was not required to produce the CAR.

Plaintiff notes that the court previously ordered defendant to file the CAR on multiple occasions. Docs. 9, 10, 26. However, these orders were predicated on the idea that plaintiff had received a final agency decision. Because evidence later showed otherwise, these orders to file the CAR are moot. Therefore, for the reasons stated above, the court denies plaintiff's motion.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court accepts its findings and recommendation. The court grants the motion to dismiss (Doc. 27) and dismisses this action without prejudice.

*So ordered by the court on July 22, 2021.*

J. Campbell Barker
United States District Judge